UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAYMOND MILYO,

    Plaintiff,

                                        CIVIL NO. 02-CV-877 (WWE)

V.

INTER-TEL INC,
    Defendant

                                        OCTOBER 27, 2003

**DEFENDANT'S RENEWED MOTION
FOR INVOLUNTARY DISMISSAL**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the defendant, Inter-Tel Inc., hereby renews it motion to dismiss with prejudice the plaintiff's complaint for failure to prosecute his claim.

As detailed in the defendant's previous memoranda of law,[1] the defendant served its initial discovery requests on the plaintiff in December 2002. To date, the only discovery response produced by the plaintiff consists of an email dated July 10, 2003 containing the plaintiff's unsigned and unverified responses to the first eight (8) interrogatories.

The plaintiff has been on notice since June that his failure to comply with his discovery obligations could lead to dismissal of his complaint. Despite the many opportunities offered to the plaintiff to cure his non-compliance, the plaintiff has refused to do so. The plaintiff's pattern of engaging in delaying tactics instead of fulfilling his obligations under the Federal Rules of Civil Procedure demonstrates that the plaintiff has simply made the choice not to prosecute his

---

[1] See Defendant's Motion for Contingent Involuntary Dismissal, June 9, 2003 and Defendant's Renewed Motion for Involuntary Dismissal, August 25, 2003.

claim. Fairness dictates that where the plaintiff fails to prosecute his claim, his complaint be dismissed.

Moreover, the plaintiff's failure to respond to the written discovery has prejudiced Inter-Tel's ability to prepare its defense. Not only has the plaintiff interfered with Inter-Tel's ability to take a meaningful deposition of the plaintiff, but also, Inter-Tel has been prejudiced by the need to spend time and money trying to obtain the discovery it is owed. Moreover, the delays caused by the plaintiff's noncompliance have prejudiced Inter-Tel's ability to defend itself against the plaintiff's claims. The plaintiff's claims relate to events that occurred in 2000, at a time when Inter-Tel purchased certain assets from a company called Executone, where the plaintiff had been employed. Since that time, Inter-Tel has closed its operations in Connecticut and e-Lot, which consisted of the remainder of Executone, entered bankruptcy proceedings. Preparing a defense under these circumstances, in which many witnesses and much of the evidence are not under Inter-Tel's control, is difficult in and of itself, and the plaintiff's delays have exacerbated these problems. The plaintiff cannot be permitted to hold Inter-Tel hostage by preventing Inter-Tel from taking the steps necessary to defend itself.

For the reasons set forth herein, as well as for the reasons articulated in Inter-Tel's previous memoranda of law in support of its motions to dismiss, Inter-Tel respectfully requests the Court to dismiss with prejudice the plaintiff's complaint for failure to prosecute his claim.

DEFENDANT,
INTER-TEL INC.

By _____
David A. Kulle
dkulle@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200
Fax: (860) 275-8299
Its Attorneys

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class U.S. mail, postage prepaid, on the 27th of October 2003 to the following:

William B. Barnes, Esq.
Rosenstein & Barnes
1100 Kings Highway East
Fairfield, CT 06432

_____
Erin O'Brien Choquette

3